IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JERRY L. DOVER**     **PLAINTIFF**

**V.**     **NO. 3:14CV00143-JMV**

**COMMISSIONER OF SOCIAL SECURITY**     **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding his applications for a period of disability and disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

For the reasons announced by the court on the record at the conclusion of the parties' oral argument during a hearing held in this matter on January 23, 2015, the ALJ's determination that the claimant's respiratory impairment did not meet the requirements of listing 3.02 is supported by substantial evidence in the record. Even if the court accepted Plaintiff's argument that the ALJ's failure to recontact Dr. Anne Brooks was error, such error would be harmless because Plaintiff's pulmonary function test results did not meet the requirements set out in the listing. Additionally, at the close of the hearing, the court requested supplemental briefing on the issue of whether the ALJ failed to properly consider whether Plaintiff's impairments *equaled* a listed

impairment, an issue raised for the first time by Plaintiff at the hearing.  Specifically, the court required counsel to determine whether the record contained disability determination transmittal forms evincing that a physician had considered the medical equivalency issue in accordance with SSR 96-6p.  Having thoroughly reviewed the additional submissions by counsel, the record, and applicable case law, the court now further finds that because the record contains such physician executed forms and because the ALJ within his discretion implicitly found no need to obtain an updated medical opinion on the equivalency issue, there was no reversible error, and the Commissioner's decision is supported by substantial evidence in the record.  Therefore, the decision of the Commissioner is hereby **AFFIRMED**.

    **SO ORDERED AND ADJUDGED** this, the 2nd day of February, 2015.

/s/ Jane M. Virden  
U. S. MAGISTRATE JUDGE